**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **THERABODY, INC.,**<br>6100 Wilshire Blvd.<br>Suite 200<br>Los Angeles, CA 90048<br><br>                    Plaintiff,<br>   v.<br><br><br>**PANDAVIDA, INC. D/B/A SHIBO INC.,**<br>501 Burnside Ave.<br>Ste. 6<br>Inwood, New York 10096,<br><br>                  Defendant. | Civil Action No.:<br><br><br>**COMPLAINT FOR**<br>**TRADEMARK INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Therabody, Inc. ("***Plaintiff***"), by and through counsel, for its Complaint against Defendant Pandavida, Inc., d/b/a Shibo Inc. ("***Defendant***"), states as follows:

## INTRODUCTION

1.      Defendant is engaged in the unauthorized sale of materially different products under Plaintiff's brand name and using Plaintiff's trademarks.

2.      As a result of Defendant's unauthorized sales, Defendant is harming consumers and Plaintiff's business relationships, deceiving and misleading the consuming public, and violating Plaintiff's rights in its proprietary intellectual property.

3.      These unauthorized sales and infringing activities are illegal and have harmed, and will continue to harm, Plaintiff.

## PARTIES

4.      Plaintiff is a corporation organized under the laws of the State of Delaware with a principal place of business at 6100 Wilshire Blvd., Suite 200, Los Angeles, CA 90048.

5.      Plaintiff designs, manufactures, and sells high-end percussive massage devices, wellness products, and accessories (collectively, the "***Products***").

6.      Defendant is a corporation organized under the laws of the State of New York with a principal place of business at 501 Burnside Ave., Ste. 6, Inwood, New York 10096.

7.      Defendant sells the Products, without Plaintiff's authorization or consent, as a third-party seller on Amazon.com, Inc.'s ("***Amazon***") United States e-commerce platform (the "***Amazon Marketplace***") at the unique Amazon Marketplace storefront Shibo, Inc., found here: https://www.amazon.com/sp?ie=UTF8&seller=AFVUN7WVFH1YR  (the "***Storefront***").

8.      Defendant is selling the Products and using Plaintiff's proprietary intellectual property in connection with such sales without Plaintiff's authorization or consent.

## JURISDICTION AND VENUE

9.      This Court has original subject matter jurisdiction over Plaintiff's trademark claims pursuant to 28 U.S.C. § 1338(a).

10.     This Court also has original subject matter jurisdiction over Plaintiff's unfair competition claims, pursuant to 28 U.S.C. § 1338(b) because they are joined with Plaintiff's substantial and related trademark claims.

11.     Pursuant to 28 U.S.C. § 1367, the Court has supplemental subject matter jurisdiction over Plaintiff's remaining claims because they form part of the same case or controversy as Plaintiff's trademark and unfair competition claims.

12.     This Court has general personal jurisdiction over Defendant because Defendant is

a corporation headquartered in the State of New York.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides within this District and because a substantial part of the events giving rise to Plaintiff's claim occurred in this district.

## **BACKGROUND**

### ***Plaintiff's Business***

14.     Plaintiff sells the Products bearing various trademarks validly registered with the United States Patent and Trademark Office, including Registration Numbers 5213141, 6206626, 6218258, 6126363, 6060204, 6126362, 6126360, 6030995, 6043917, 6081408, 6043891, 6120156, 6149774, 6120853 (collectively, the "***Trademarks***" and each, a "***Trademark***"), which are identified in the attached **Exhibit A**.

15.     Plaintiff sells the Products on the internet and through interstate commerce.

16.     Plaintiff has spent significant resources to develop, market, and protect the Trademarks.

17.     Plaintiff sells the Products on its United States website (https://www.therabody.com/us/en-us/home) (the "***Website***"), through select online retailers, on the Amazon Marketplace, and in traditional brick-and-mortar establishments.

18.     Plaintiff also sells to and through certain wholesalers and authorized resellers (each, an "***Authorized Reseller***" and collectively, the "***Authorized Resellers***").

19.     Plaintiff strives to ensure that consumers of its Products are receiving authentic Products from either Plaintiff itself or one of its reputable Authorized Resellers.

20.     As a result of these actions, Plaintiff has become an industry leader in the market, and the Products are synonymous with high-end, top-quality percussive massage devices.

### *The Growth of E-Commerce*

21.     The explosion of e-commerce websites, particularly the Amazon Marketplace, has created problems and challenges for manufacturers, brands, and authorized resellers, including Plaintiff.

22.     Plaintiff and other businesses must ensure that products sold are genuine, defect free, and come with all warranties in order to maintain, and continue building, their valuable goodwill and reputation.

23.     In this e-commerce age, unauthorized resellers can obtain products from a variety of sources and then sell products anonymously online.

24.     Many times, the products sold by unauthorized resellers may be materially different than those sold by the brand or authorized resellers.

25.     Specifically, unauthorized resellers may sell products without warranties, of an inferior quality, that are defective, and in violation of a business's rights in its intellectual property.

26.     Indeed, on the Amazon Marketplace, all sales of a particular product are sold under a unique Amazon Standard Identification Number ("*ASIN*") such that consumers do not know whether a product is sold by an unauthorized reseller or a legitimate reseller.

27.     Because the unauthorized resellers are able to sell without disclosing their identity, manufacturers and brands experience challenges in communicating with the unauthorized resellers to alert them of material differences.

28.     Ultimately, consumers are harmed as they unknowingly buy a materially different product compared to a legitimate product from the manufacturer.

### *Plaintiff's Warranty Policy*

29.     Plaintiff and its Authorized Resellers offer consumers an industry-leading warranty for the Products (the "***Warranty***").

30.     The Warranty is attached as **Exhibit B** and can be found online. *See* THERABODY, *Therabody Warranty* https://www.therabody.com/us/en-us/warranty-support/

31.     Defendant cannot offer its customers the Warranty.

32.     The Warranty makes clear that it is only given "to the individual purchaser of products *from Therabody or its authorized retailers and distributors*" (emphasis added). *Id.*

33.     To obtain the Warranty protection, consumers must provide, among other things, proof of purchase of the Product. *Id.*

34.     Plaintiff has taken further steps to notify the consuming public that only Products sold by Plaintiff or its Authorized Resellers come with the Warranty.

35.     Indeed, the Website contains an entire page warning consumers of the potential pitfalls in purchasing from unauthorized resellers such as Defendant. *See* THERABODY, *Unauthorized Retailers*, https://www.therabody.com/us/en-us/therabody-unauthorized-retailers/

36.     Plaintiff specifically states:

The Therabody Limited Warranty is only honored for Therabody Products purchased directly from Therabody or one of its authorized retailers. Sometimes Therabody Products are sold by unauthorized retailers. These goods are often not purchased from Therabody or from an authorized distributor. Instead they are acquired from a host of other sources without our authorization. Due to the nature of the goods sold by unauthorized dealers and their business practices, products sold by unauthorized dealers are not entitled to the benefits of the Therabody Limited Warranty. Therabody products sold by unauthorized dealers may be purchased on a secondary "gray" market and can be pirated goods not produced by Therabody, damaged, defective, refurbished, stolen and/or even counterfeit.

*Id.*

37.     Plaintiff has gone to great lengths to inform consumers about the issues associated with buying Products from Unauthorized Resellers; however, the nature of the Amazon Marketplace (as described above) allows Defendant to sell the Products to unsuspecting consumers who believe they are receiving a genuine Product, when in fact it is materially different than Products sold by Plaintiff or its Authorized Resellers.

38.     Plaintiff implemented its Warranty to protect its brand, goodwill, and valuable intellectual property, to maintain the integrity of its Products, and ultimately to protect and for the benefit of consumers.

39.     However, Plaintiff simply cannot warrant Products of an unknown origin.

40.     Unauthorized resellers will sell used, damaged, returned, repackaged, resealed, counterfeit, or knock-off Products as new, and because these sales are all without Plaintiff's knowledge or consent, Plaintiff has no way to verify the legitimacy of the Products.

41.     Similarly, Plaintiff cannot verify the source, authenticity, or legitimacy of Products sold by Defendant, and therefore Plaintiff cannot warrant such Products.

42.     As a result, all Products sold by Defendant are materially different than Products sold by Plaintiff as the Products sold by Defendant do not come with the Warranty.

43.     Additionally, Amazon requires that any goods sold as "New" come with the "Original manufacturer's warranty, if any." *See* AMAZON, *Marketplace Items Condition Guidelines,* (https://www.amazon.com/gp/help/customer/display.html?nodeId=201889720).

44.     Defendant lists the Products for sale as "New," under the Product's unique ASIN, but without Plaintiff's Warranty.

45.     Unwitting consumers are then deceived into purchasing products that are materially different than the Products.

***Authorized Reseller Contracts***

46.     When Plaintiff sells to Authorized Resellers, Plaintiff enters into contracts with the Authorized Reseller ("***Reseller Agreements***").

47.     Authorized Resellers may only sell the Products pursuant to a Reseller Agreement.

48.     Each Authorized Reseller agrees to be bound by Plaintiff's terms and conditions (the "***Terms and Conditions***").

49.     Plaintiff uses Reseller Agreements and the Terms and Conditions in order to promote fair competition between Authorized Resellers and to protect its brand, its goodwill, and its valuable intellectual property, including its proprietary images, designs, and the Trademarks.

50.     The Terms and Conditions limit Authorized Resellers' use of the Trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the Products.

51.     The Terms and Conditions also prohibit any Authorized Reseller from selling or otherwise distributing the Products to other resellers, such as Defendant.

52.     Upon information and belief, Defendant has purchased some of its inventory of Products from an Authorized Reseller.

53.     Additionally, the Terms and Conditions establish a uniform pricing policy amongst Authorized Resellers, grant a limited license for use of Plaintiff's proprietary intellectual property, including the Trademarks, and ensure that Authorized Resellers are not disparaging Plaintiff's brand or using deceptive tactics in advertising the Products, among other things.

54.     The Terms and Conditions also specify that the Warranty associated with the Products is only valid through the Authorized Resellers and place certain restrictions upon issuing the Warranty.

55.   Further, in order to protect consumers, the Terms and Conditions require Authorized Resellers to "establish and implement an effective standard operating procedure for the urgent recall of the Products from the market, in accordance with applicable laws and guidelines."

### *Defendant Sells the Products on the Amazon Marketplace Without Authorization*

56.   Since at least June 2020 Plaintiff has been aware of Defendant's unauthorized sale of materially different Products, which infringe on Plaintiff's Trademarks and tarnish its brand.

57.   The Products sold by Defendant are materially different to those sold by Plaintiff or Plaintiff's Authorized Resellers because Products sold by Defendant come from an unknown origin and do not come with the Warranty.

58.   Plaintiff cannot honor warranty claims from Defendant's customers related to the Products because of Defendant's status as an unauthorized reseller.

59.   Further, Defendant is not obligated to abide by requirements set forth in the Terms and Conditions such as avoiding deceptive marketing practices and assisting with products recalls, which means Products sold by Defendant come with an inferior suite of services than Products sold by Plaintiff or its Authorized Resellers.

60.   Defendant is infringing on Plaintiff's rights when it sells Products as genuine when, in fact, the Products sold are materially different.

61.   Proof of Defendant's sale of the Products is attached as **Exhibit C**.

62.   Plaintiff sent multiple cease-and-desist letters to Defendant, notifying Defendant of its unauthorized sales and its violation of Plaintiff's rights in the Trademarks, and demanding Defendant cease sales of the Products.

63.   The most recent cease-and-desist letter was sent on February 18, 2022 and is attached as **Exhibit D** (the "*Letter*").

8

64.     The Letter put Defendant on notice of Plaintiff's claims and requested that Defendant cease such conduct immediately.

65.     In the Letter, Plaintiff requested that Defendant confirm in writing by February 20, 2022, that it would cease selling the Products without authorization in violation of Plaintiff's policies and rights in the Trademarks.

66.     Defendant failed to respond to the Letter whatsoever (or any previous letter sent to Defendant).

67.     As of the date of this filing, Defendant has not agreed to cease and desist from selling the Products and infringing upon Plaintiff's rights in the Trademarks.

68.     Evidence of Defendant's continued sales are set forth in **Exhibit E**.

69.     Defendant's unauthorized sales and violations of Plaintiff's rights in the Trademarks harms Plaintiff and its Authorized Resellers and misleads consumers.

70.     Accordingly, Plaintiff initiated this action.

## Count One
## Declaratory Judgment/Injunctive Relief

71.     Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

72.     An actual and justiciable controversy exists between Plaintiff and Defendant related to whether Defendant has the right to sell the Products without Plaintiff's consent and in violation of Plaintiff's rights in the Trademarks.

73.     The Court, pursuant to NY CPLR § 5408, 28 U.S.C. §2201 and Fed. R. Civ. P. 57, should declare that Defendant has no right or authorization to sell the Products, or use the Trademarks, as these actions have harmed and continue to harm Plaintiff in an amount to be determined at trial.

74.     The Court should further declare that the Letter gave Defendant actual notice that it was not authorized to use the Trademarks, and any continued use of the Trademarks or unauthorized sales of the Products constitutes willful violations of Plaintiff's rights in the Trademarks.

75.     Such a declaration is proper, pursuant to NY CPLR § 5408 and 28 U.S.C. § 2201, because the declaration would terminate the actual and justiciable controversy between Plaintiff and Defendant and remove any uncertainty with respect to this issue.

76.     Additionally, the Court should enjoin Defendant from any further sales of the Products and use of the Trademarks.

**Count Two**
**Common Law Unfair Competition**

77.     Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

78.     Defendant's actions, including, but not limited to, its unauthorized sale of the Products and its unauthorized use of the Trademarks, constitute unfair competition.

79.     Defendant's actions have damaged Plaintiff in the form of, *inter alia*, lost sales, interference with current and prospective business relationships, trademark infringement, trademark dilution, and tarnishment of Plaintiff's brand, goodwill, and reputation.

80.     As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**Count Three**
**Tortious Interference with Business Relationships**

81.     Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

82.     The Reseller Agreements are valid binding contracts between Plaintiff and each Authorized Reseller.

83.     The Terms and Conditions are valid binding contracts between Plaintiff and each Authorized Reseller.

84.     The Terms and Conditions prohibit Authorized Resellers from selling to resellers such as Defendant.

85.     Upon information and belief, Defendant purchases some of its inventory of Products from Authorized Resellers in violation of the Terms and Conditions.

86.     At least since receiving the Letter, Defendant has been aware of these contracts and Defendant's interference with Plaintiff's Authorized Resellers and interference with the Terms and Conditions.

87.     Despite this knowledge, Defendant sold the Products on the Amazon Marketplace, which, *inter alia*, harmed Plaintiff's relationships with its Authorized Resellers and future Authorized Resellers.

88.     Defendant improperly interfered with Plaintiff's relationships with its Authorized Resellers.

89.     As a direct and proximate cause of Defendant's interference, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Four
## Trademark Infringement (15 U.S.C. § 1114)

90.     Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

91.     Plaintiff is the owner of the Trademarks.

92.     The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

93.     Defendant uses the Trademarks in connection with its sale of the Products without Plaintiff's authorization or consent.

94. The Products sold by Defendant bearing the Trademarks do not come with Plaintiff's Warranty, and upon information and belief, Defendant does not abide by Plaintiff's resale procedures outlined in the Terms and Conditions. *See* Ex. B and C.

95. Because the Products sold by Defendant do not have the Warranty and are not sold pursuant to the resale procedures outlined in the Terms and Conditions, these Products are not genuine and are materially different from Products sold by Plaintiff or Authorized Resellers.

96. Defendant's unauthorized sale of the Products bearing the Trademarks has infringed on, and damages the value of, the Trademarks.

97. Defendant's use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products sold by Defendant come with the Warranty and the same suite of services as Products sold by Plaintiff or Authorized Resellers, when, in fact, they do not.

98. Confusion is more likely given that Defendant lists the Products as "New" despite it being a violation of Amazon's Marketplace Items Condition Guidelines to list an item as "New" when it does not come with the manufacturer's warranty as is the case with Defendant's sale of the Products.

99. Defendant's use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products are sponsored by or authorized for sale by Plaintiff, when, in fact, they are not.

100. Defendant informed Plaintiff that its sales of the Products infringed on Plaintiff's rights in the Trademarks.

101. As a direct and proximate result of Defendant's continued sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable

harm, including harm to the reputation and goodwill of its business and loss of profits in an amount to be proven at trial.

102.    Plaintiff is entitled to recover damages from Defendant's infringement and disgorgement of any profits from Defendant's infringing sales of the Products.

103.    Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. §1116 and increased damages pursuant to 15 U.S.C § 1117(a) because Defendant's infringement of the Trademarks is willful.

### Count Five
### Unfair Competition (15 U.S.C. § 1125(a))

104.    Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

105.    Plaintiff is the owner of the Trademarks.

106.    The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

107.    Defendant uses the Trademarks in connection with its sale of the Products without Plaintiff's authorization or consent.

108.    The Products sold by Defendant bearing the Trademarks do not come with Plaintiff's Warranty, and upon information and belief, Defendant does not abide by the resale requirements outlined in the Terms and Conditions. *See* Ex. B.

109.    Because the Products sold by Defendant do not have the Warranty and are not sold in accordance with the resale requirements outlined in the Terms and Conditions, these Products are not genuine and are materially different from Products sold by Plaintiff or Authorized Resellers.

110.    Confusion is more likely given that Defendant lists the Products as "New" despite it being a violation of Amazon's Marketplace Items Condition Guidelines to list an item as "New"

when it does not come with the manufacturer's warranty as is the case with Defendant's sale of the Products.

111.    Defendant's use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products are sponsored by or authorized for sale by Plaintiff, when, in fact, they are not.

112.    Defendant's unauthorized sale of the Products bearing the Trademarks has infringed on and damages the value of the Trademarks.

113.    Defendant informed Plaintiff that its sales of the Products infringed on Plaintiff's rights in the Trademarks.

114.    As a direct and proximate result of Defendant's continued sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to the reputation and goodwill of its business and loss of profits in an amount to be proven at trial.

115.    Plaintiff is entitled to recover damages from Defendant's infringement of the Trademarks and disgorgement of any profits from Defendant's infringing sales of the Products.

116.    Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. §1116 and increased damages pursuant to 15 U.S.C § 1117(a) because Defendant's infringement of the Trademarks is willful.

## Count Six
### Trademark Dilution (15 U.S.C. § 1125(c))

117.    Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

118.    Plaintiff is the owner of the Trademarks.

119.    The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

120.    Plaintiff has continuously used the Trademarks in commerce and has spent considerable sums in time and money to promote and advertise its Products using the Trademarks.

121.    Plaintiff sells the Products bearing the Trademarks throughout the United States.

122.    Customers have come to associate the Trademarks with Plaintiff and the Products.

123.    Customers associate the Trademarks with high-end, top quality percussive massage devices.

124.    Defendant is using the Trademarks in connection with the sale of the Products.

125.    However, the Products sold by Defendant are materially different than genuine Products sold by Plaintiff because Defendant's Products do not come with the Warranty and upon information and belief, are not sold in accordance with the resale requirements set forth in the Terms and Conditions.

126.    Because Defendant is selling an inferior product, Defendant's use of the Trademarks is causing the dilution of the Trademarks by blurring and tarnishing the reputation and goodwill associated with the Trademarks in violation of 15 U.S.C. § 1125(c).

127.    As a direct and proximate result of Defendant's continued sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to the reputation and goodwill of its business and loss of profits in an amount to be proven at trial.

128.    Plaintiff is entitled to recover damages from Defendant's infringement of the Trademarks and disgorgement of any profits from Defendant's infringing sales of the Products.

129.    Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. §1116 and increased damages pursuant to 15 U.S.C § 1117(a) because Defendant's infringement of the Trademarks is willful.

## Count Seven
## Dilution (N.Y. Gen. Bus. L. §360-l)

130.   Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

131.   Plaintiff is the owner of the Trademarks.

132.   The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

133.   Plaintiff has continuously used the Trademarks in commerce and has spent considerable sums in time and money to promote and advertise its Products using the Trademarks.

134.   Plaintiff sells the Products bearing the Trademarks throughout the United States.

135.   Customers have come to associate the Trademarks with Plaintiff and the Products.

136.   Customers associate the Trademarks with high-end, top quality percussive massage devices.

137.   Defendant is using the Trademarks in connection with the sale of the Products.

138.   However, the Products sold by Defendant are materially different than genuine Products sold by Plaintiff because Defendant's Products do not come with the Warranty and upon information and belief, are not sold in accordance with the resale requirements set forth in the Terms and Conditions.

139.   Because Defendant is selling an inferior product, Defendant's use of the Trademarks is causing the dilution of the Trademarks by blurring and tarnishing the reputation and goodwill associated with the Trademarks in violation of N.Y. Gen. Bus. L. §360-l.

140.   As a direct and proximate result of Defendant's continued sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to Plaintiff's business reputation and goodwill.

## Count Eight
## Deceptive Business Acts or Practices (N.Y. Gen. Bus. Law §349)

141.   Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

142.   Defendant's activities constitute knowing and willful deceptive acts or practices and acts with the capacity to deceive in the conduct of its business impacting consumers, in violation of N.Y. Gen. Bus. L. § 349.

143.   Defendant's activities also pose potential danger to the public health or safety.

144.   Plaintiff has been, and will continue to be, damaged by Defendant's acts in an amount to be determined at trial.

145.   By reason of the willful nature of Defendant's acts, Plaintiff is entitled to actual damages, and trebling of its damages, and attorneys' fees, pursuant to N.Y. Gen. Bus. L. § 349.

146.   Plaintiff has no adequate remedy at law, entitling it to injunctive relief restraining Defendant from engaging in further acts of deceptive business acts and practices.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.     As to Count One, a declaratory judgment declaring that Defendant is not authorized to sell the Products and is willfully violating Plaintiff's rights in the Trademarks, and permanently enjoining Defendant from any further sales of the Products;

B.     As to Count Two, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorgement of Defendant's profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products;

C.     As to Count Three, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorgement of Defendant's profits from all unauthorized sales of the Products, permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products, and permanently enjoin Defendant from interfering with Plaintiff's current and prospective relationships with its Authorized Resellers by further selling the Products;

D.     As to Count Four, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorgement of Defendant's profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products;

E.     As to Count Five, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorgement of Defendant's profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products;

F.     As to Count Six, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorgement of Defendant's profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products;

G.     As to Count Seven, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorgement of Defendant's profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products;

H.     As to Count Eight, award compensatory damages in an amount to be determined at trial, treble damages, as well as attorney fees and costs, and permanently enjoin Defendant from engaging in further acts of deceptive business acts and practices; and

I.     All other relief that this Court may find just and proper.


## JURY DEMAND

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Date:  March 9, 2022

Respectfully submitted,

*/s/ Diane C. Ragosa*
By: Diane C. Ragosa, Esq.
**PARKER IBRAHIM & BERG LLP**
5 Penn Plaza
Suite 2371
New York, New York 10001
Tel. 212-596-7037
Fax 212-596-7036
diane.ragosa@piblaw.com
*Attorneys for Plaintiff,*
*Therabody, Inc.*

18